IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACI HENDERSON, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§ CIV. ACTION NO.<br>§<br>BLUE MARBLE PAYROLL §<br>§<br>*Defendant.* § JURY TRIAL DEMANDED | |

### PLAINTIFF'S ORIGINAL CLAIM FOR RELIEF

1. Plaintiff brings this action, Traci Henderson ("Plaintiff") against Defendant, Blue Marble Payroll ("Defendant") for violating Title VII of the Civil Rights Act of 1964, as amended and as amended.

### a. Jurisdiction

2. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the United States laws. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. This Court has supplemental jurisdiction over the Texas State and common law claims under 28 U.S.C. § 1367. 17.

### a. Venue

3. Venue lies in the Northern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims

took place within this judicial district.

## EXHAUSTION OF ADMINISTRATION REMEDIES

4. Before filing the Original Complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, her written initial charge of discrimination based on her race and her age.
    a. In conformance with the law, Plaintiff has filed this action before the expiration of ninety (90) days from the date of receiving her Notice of Rights, aka "right to sue" letter from the EEOC and within two (2) years after Defendant willfully violated Plaintiff's rights. The Plaintiff received her Notice of Rights, aka "right to sue" letter from the EEOC, dated September 23, 2020, on September 25, 2020. Plaintiff has exhausted all administrative remedies; therefore, all conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## CONDITIONS PRECEDENT

5. All conditions precedent: to Plaintiff bringing her claims against Defendant for Discrimination, based on race and age

## PROTECTED CLASS MEMBERSHIP

6. Plaintiff brings this lawsuit under 42 U.S.C. §2000e et. seq. (Title VII): Title VII prohibits employers from discriminating "against any individual concerning their compensation, terms, conditions, or privileges of employment because of such individual's race, color, age, religion, sex or national origin. *See* 42 U.S.C. §2000e-2(a).

7. Additionally, Plaintiff sues under 42 U.S.C. §1981 and other similar statutes,

prohibiting employers from race discrimination. Plaintiff identifies that she is a member of the following protected classes:

   a. African American female
   b. Over the age of 40
   c. filed a complaint with EEOC concerning unlawful employment conditions; and
   d. filed her Original Complaint with this Court.
8. The Plaintiff identifies that she is a member of one or more of the protected classes specified in paragraphs above under Federal statutes and defined within the Texas Commission on Human Rights Act (TCHRA), which is codified in Chapter 21 Texas Labor Code and other similar statutes.

## PARTIES AND SERVICE

9. Plaintiff Traci Henderson is an individual who is a resident of Frisco, Texas. She is an "employee" as that term is defined by 42 U.S.C. §2000 (f), 29 U.S.C.§630(f) and 29U.S.C.§203(e)(1)

10. Defendant Blue Marble Payroll may be served with citation by serving its registered agent, Michael Best and Friedrich, L.L.P., 444 W. Lake Street Suite 3200, Chicago, Il, 70606

## BACKGROUND FACTS

11. Defendant hired the Plaintiff on or about March 1, 2016. Her position as an account executive. Defendant compensated her with a salary and commission structure based on a percentage of sales revenue.

12. In July 2017, Defendant increased the Plaintiff's base pay by $10,000. Her supervisor, Victor Lobo)" Lobo")  told her that she was doing very well.

13. In October of 2017, Lobo issued a written warning on her performance; the warning came after the Plaintiff secured a verbal commitment for the largest deal in the company's history. Based on the closing of the deal, the Plaintiff

stood to earn $100,000 in commissions. During the same period, Lobo issued Plaintiff a performance warning for failing to perform tasks that other representatives were not required to complete. The Plaintiff was the only African American member of the sales team that Lobo. supervised

14. The Plaintiff filed a written objection to Lobos' findings. Lobo never responded. The Plaintiff escalated her complaints to Steve Sarowitz, Chief Executive Officer of the Defendant. He informed the Plaintiff that she was performing satisfactorily. The Plaintiff told Sarowitz that she believed that Lobo was treating her in a disparate manner.

15. In November of 2017, Lobo invited the sales team to a Las Vegas conference, Nevada, but did not include the Plaintiff, even though her sales numbers were par with the others on her team.

16. From December 2017 through February 2018, Lobo stopped assigning her leads. The sales executives relied on lead assignments to achieve their goals. Lobo admitted that he stopped giving leads to her, and Plaintiff discovered that Lobo had found her replacement on the team ( white male).

17. The Plaintiff informed Sarowitz of Defendant's actions to deprive her of leads on April 1, 2018. On April 2, 2018, Lobo terminated the Plaintiff and failed to deliver her final check in a timely fashion.

### COUNT 1 DISCRIMINATION BASED ON RACE

Plaintiff incorporates by reference the facts outlined in paragraphs 1-17. The Defendant's actions violate Title VII of the Civil Rights Act of 1964, as amended. Lobo treated Plaintiff differently in the assignment of leads, making it impossible to reach her goals. He terminated her before she could earn a large commission.

### COUNT II. RETALIATION

Plaintiff incorporates by reference the facts outlined in paragraphs 1-17. Once the

Plaintiff engaged in protected activity, Lobo retaliated against her by denying her the same opportunity to succeed as the white team members. First, he denied her leads, and when she complained on April 1, 2018, he terminated her the following day. Defendant's actions were willful, intentional, and in reckless disregard of Plaintiff's rights in violation of Title VII of the Civil Rights act.

18. Plaintiff suffered damages as a result of Defendant's unlawful actions.

19. Plaintiff seeks all damages allowed under the law, including:

20. Injunctive relief.
21. Actual damages.

22. Compensatory damages, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff.

23. Equitable relief, including reinstatement to the previous position.

24. Punitive damages.

25. Court costs.

26. Reasonable attorney's fees.

27. Back pay, front pay, and other compensation for wages lost as a result of the termination; and

28. Pre- and Post-judgment interest at the maximum rate allowed by law.

## ATTORNEYS' FEES AND COSTS

29. Plaintiff incorporates each of the preceding paragraphs.

30. To redress Plaintiff's injuries on account of Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent her in this action.

## JURY DEMAND

31. Plaintiff demands a trial by jury, and the necessary fees have been tendered.

## REQUESTS FOR DISCLOSURE

32. Under rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant

disclose, within 14 days of service of this request, the information or material described in the above-referenced rule.

## **CONCLUSION**

33. WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon the final trial of this matter, that all the relief sought to be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Andrew A Dunlap

Andrew A. Dunlap (lead counsel)

TBN 06231700 6565 N. McArthur Boulevard Suite 140
Irving, Texas 75039-2478
972-807-6357
214-614-5160 telecopy
andrew@dunlapattorneys.com

**ATTORNEY FOR THE PLAINTIFF**